FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ SEP 2 0 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————

SHLOMO OVED on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

        -against-

PENTAGROUP FINANCIAL, LLC.

                    Defendant.

———————————————————

**CV 12 4704**

**CLASS ACTION COMPLAINT**   **MATSUMOTO, J.**

*Introduction*

**J. ORENSTEIN, M.**

1.    Plaintiff Shlomo Oved seeks redress for the illegal practices of Pentagroup Financial,

      LLC. in which it unlawfully engaged in the collection of consumer debts in violation of

      the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"), and the

      Telephone Communications Privacy Act.

*Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the

      FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer

      debt.

-1-

Upon information and belief, Defendant's principal place of business is located within Houston, Texas.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Shlomo Oved

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many prerecorded messages on the Plaintiff's answering machine on numerous occasions.

12. On forty six occasions within the past year, Defendant made forty six calls to an unauthorized wireless number belonging to Plaintiff.

13. Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiff.

14. The callers failed to identify themselves as debt collectors attempting to collect a debt.

15. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

16.   Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

17.   The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

Defendant caused Plaintiff to incur charges for Defendant's collection communications when Plaintiff had no reason to know the communication's purpose.

19.   Defendant was prohibited from placing a call that will cause a charge to Plaintiff without having notified Plaintiff to expect it and without having announced its collection purpose.

20.   Defendant called Plaintiff's wireless phone number and Plaintiff was charged a toll on all those incoming calls.

21.   Plaintiff was not alerted to the calls beforehand.

22.   The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

23.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty two (22) as if set forth fully in this cause of action.

24.   This cause of action is brought on behalf of Plaintiff and the members of two classes.

Class A consists of all persons whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (a) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (b) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

26. Class B consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumer was charged for the calls, and (b) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such telephonic messages, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

-4-

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

28.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

-5-

2. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

33. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

34. The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating forty six telephone calls to the Plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the Plaintiff to leave such messages.

35. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded

-6-

messages that have been unleashed against Plaintiff by Defendant, also without having included the proper name of the Defendant or any name for that matter.

36.  There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the use of the wireless telephone number at issue where the Plaintiff was charged for each call.
Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of $500.00 per call.

38.  Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

39.  All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

40.  The Defendant has repeatedly violated the TCPA by failing to leave the legal name of the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

-7-

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

41.     With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

42.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

43.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

## *Violations of the Telephone Communications Privacy Act*

44. The Defendant has repeatedly violated the TCPA by failing to leave the legal name of the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

45. The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

-9-

Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

47.    The actions of the Defendant violate the TCPA.

48.    Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 10, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

-10-

Adam J. Fishbein (AF-9508)

-11-